IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CELESTE M. GONSALVES,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE KEVIN T. MORIKONE,<br><br>Defendant. | Case No. 25-cv-00058-DKW-WRP<br><br>**ORDER (1) SCREENING AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND, AND (2) DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On February 10, 2025, Plaintiff Celeste Gonsalves, proceeding without counsel, filed a Complaint against Defendant Judge Kevin Morikone of the First Circuit Court of the State of Hawaiʻi in both his official and individual capacities. Dkt. No. 1. Gonsalves has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

Because Gonsalves has sought to proceed *in forma pauperis*, pursuant to 28 U.S.C. Section 1915(a), the Court subjects the Complaint to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Here, for the reasons set forth more fully below, review of the Complaint reflects that it is entirely frivolous and must be dismissed without leave to amend.

Put simply, the Complaint is an undisguised effort to overturn numerous rulings made in a State land court proceeding by Judge Morikone or, as Gonsalves requests in the Complaint, for the Court to "vacate" those rulings and obtain alleged damages resulting therefrom. Dkt. No. 1 at 7. For many reasons, such an action cannot proceed in this Court.

First, the "*Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). Here, the Complaint is clear that it seeks to have this Court review and reject rulings, orders, and/or judgments entered in the State proceeding. The "prayer for relief" states as much. Moreover, the Complaint is solely targeted at the judicial officer who presided over the State proceeding for actions he allegedly took during that proceeding. For example, in "Count 1", Gonsalves alleges that Judge Morikone failed to disclose a "close" relationship with an opposing party's law firm. In the only other claim, "Count 2", Gonsalves alleges that Judge Morikone prevented her from rescheduling an evidentiary hearing, "ignored" motions she filed, and "blocked" subpoenas she sought. None of these claims are permissible under *Rooker*.

2

Second, to the extent Gonsalves brings this lawsuit for a purpose other than appealing or impugning the rulings of Judge Morikone in the State proceeding, her claims are still barred by principles of immunity. With respect to any claim against Judge Morikone in his official capacity, as a State judicial officer, any such claim is barred by Eleventh Amendment immunity because it is considered a claim against the State itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). With respect to personal or individual capacity claims against Judge Morikone, again, as a State *judicial* officer, whose challenged conduct entirely concerns actions he allegedly took in presiding over the State proceeding, any such claim is barred by judicial immunity. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (explaining that courts have "long recognized judicial immunity , a sweeping form of immunity for acts performed by judges that relate to the judicial process.") (quotations omitted).

The only remaining issue is whether Gonsalves should be given leave to amend the Complaint. The Ninth Circuit Court of Appeals has explained that, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, *inter alia*,

3

further amendment would be futile.  *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).   Here, further amendment is clearly futile.   Regardless of the specific claims asserted, Gonsalves seeks two things: to have this Court overturn Judge Morikone's judicial rulings and to obtain money damages from the State judicial officer she blames for ruling against her in the land court matter.   Neither is permissible for the reasons explained above, and, as a result, the Court declines to allow Gonsalves leave to amend.

## CONCLUSION

For the reasons set forth herein, the Complaint, Dkt. No. 1, is DISMISSED WITHOUT LEAVE TO AMEND.   The application to proceed *in forma pauperis*, Dkt. No. 2, is DENIED AS MOOT.   The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: February 18, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Celeste M. Gonsalves v. Judge Kevin T. Morikone*; Civil No. 25-00058 DKW-WRP; **ORDER (1) SCREENING AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND, AND (2) DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS***