IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CELESTE M. GONSALVES,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE KEVIN T. MORIKONE,<br><br>Defendant. | Case No. 25-cv-00058-DKW-WRP<br><br>**ORDER (1) CERTIFYING APPEAL AS NOT TAKEN IN GOOD FAITH PURSUANT TO FED.R.APP.P. 24, AND (2) DENYING AS MOOT APPLICATION TO PROCEEED WITHOUT PREPAYING FEES OR COSTS** |

On February 18, 2025, the Court dismissed this pro se action because Plaintiff Celeste Gonsalves' claims against Defendant Judge Kevin Morikone were barred by the *Rooker-Feldman*[1] doctrine and/or various principles of immunity. Dkt. No. 8. The Court further declined to grant leave to amend because it would be futile in light of Gonsalves' goals of overturning Judge Morikone's Hawaiʻi state court judicial rulings and obtaining money damages for the same.

On March 13, 2025, Gonsalves appealed the dismissal of her action, Dkt. No. 10, attaching "Form 4"—a motion and affidavit to proceed in forma pauperis on appeal, Dkt. No. 10-1. In addition, on March 19, 2025, Gonsalves filed an application to proceed in district court without prepaying fees or costs ("IFP

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

Application"), Dkt. No. 14.  Although the IFP Application was filed on a form stating an intent to proceed in *district court*, in light of the procedural posture of this case and Gonsalves' pro-se status, the Court liberally construes the IFP Application, in conjunction with Form 4, as seeking leave to proceed without prepayment of fees or costs on *appeal*.  *See* Fed.R.App.P. 24(a)(1) (providing that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.").

Having done so, pursuant to Federal Rule of Appellate Procedure 24(a)(2) and (a)(4), for the reasons discussed below, the Court certifies that Gonsalves' appeal is not taken in good faith.  First, as explained in the February 18, 2025 Order, the sole purposes behind Gonsalves' lawsuit are to overturn rulings made by Judge Morikone during a State land court proceeding and obtain monetary damages Gonsalves believes have resulted from those same rulings.  Because those efforts are barred by many clearly established legal principles, the Court dismissed the lawsuit.  Further, the Court did so without leave to amend because any amendment would be futile.  Under these circumstances, any appeal would have no arguable basis in law or fact and, thus, would be frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a matter is frivolous when it "lacks an arguable basis either in law or in fact.").

2

Second, in the Form 4 affidavit, Gonsalves contends that her appeal is meritorious because the Court either failed to allow her leave to amend or failed to comprehend that her lawsuit is premised upon Judge Morikone allegedly "ignor[ing]" statutory requirements or state rules of procedure and failing to "recuse" himself despite a purported "relationship" with opposing counsel.   Dkt. No. 10-1 at 1-2.   The Court did not miscomprehend these allegations in the Complaint.   Further, they are not a basis for leave to amend.   This is because violations of procedural rules and a failure to recuse do not deprive a judicial officer of immunity.   *See Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (explaining that alleged "procedural errors…do not deprive a judge of [judicial] immunity[,]" "[n]or is judicial immunity lost by allegations that a judge conspired with one party to rule against another party[.]") (quotation omitted); *Varela v. Perez*, 2009 WL 3157162, at *3 (D. Ariz. Sep. 28, 2009) (finding that a judge's failure to recuse, despite a relationship with the law firm representing victims of the plaintiff's business activities, was protected by judicial immunity).   In other words, even Gonsalves' additional reasons for appeal do not change the Court's determination that her appeal lacks arguable basis in law or fact and, if permitted to proceed, would be frivolous.

The Clerk is directed to send a copy of this Order to Gonsalves and to the Ninth Circuit Court of Appeals. *See* Fed.R.App.P. 24(a)(4). The IFP Application, Dkt. No. 14, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: March 25, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge